## RAILROAD COMPANY v. HOUSTON.

1. The neglect of the engineer of a locomotive of a railroad train to sound its whistle or ring its bell on nearing a street-crossing does not relieve a traveller on the street from the necessity of taking ordinary precautions for his safety. Before attempting to cross the railroad track, he is bound to use his senses, — to listen and to look, — in order to avoid any possible accident from an approaching train. If he omits to use them, and walks thoughtlessly upon the track, or if, using them, he sees the train coming, and, instead of waiting for it to pass, undertakes to cross the track, and in either case receives any injury, he so far contributes to it as to deprive him of any right to complain. If one chooses in such a position to take risks, he must suffer the consequences. They cannot be visited upon the railroad company.

2. To instruct upon assumed facts to which no evidence applies, is error.

ERROR to the Circuit Court of the United States for the Western District of Missouri.

This was an action against the Chicago, Rock Island, and

Pacific Railroad Company, brought under a statute of Missouri, which subjects a corporation to a penalty of $5,000 where death is caused by an injury resulting from " the negligence, unskilfulness, or criminal intent" of any of its officers, agents, servants, or employés, whilst running, conducting, or managing a locomotive, car, or train of cars. In this case, the deceased was the wife of the plaintiff; her death was caused by injuries inflicted by the defendant's locomotive whilst the train was passing through the village of Cameron in that State. The defendant had two tracks, one main and the other a side track, which extended through a considerable portion of the village, and passed south of Second Street. The tracks were separated from each other by only a few feet. The house at which the deceased resided was north of Second Street and east of Harris Street, which the tracks crossed. South of the two tracks, and about ninety feet east from Harris Street, was situated a building belonging to the company, called the section-house, near which was a well of water. The building and well were on the company's right of way. The train was due, on the evening when the accident occurred, at half-past six, and it entered the village from the west. At that time a gravel-train had been switched on the side track east of Harris Street, between the section-house and the depot. Freight-cars were also standing on the side track west of, but near, Harris Street. There was a plank-crossing over the railway at Harris Street. When cars were not standing on the tracks there was nothing to prevent one passing in a direct or nearly direct line from the house of the deceased to the section-house. Persons, in going to the well from that house, sometimes passed the road at the public crossing, and sometimes on the right of way of the company east of Harris Street. The evidence disclosed by the record relating to the accident only shows that at about half-past six in the evening of the 13th of March, 1872, the deceased took a pail upon her arm and left her house, and, it is supposed, started for the well near the section-house. She was seen by her daughter as she left, and by the engineer only a few seconds before she was struck by the locomotive. It does not appear that she was seen by any other person after leaving the house before she was injured. When discovered by the engineer, the locomotive

was within four feet of her. She was then on the main track of the railway, about ninety feet east of Harris Street, and was apparently passing from the track south. She was struck by the extreme end of the beam of timber running across the engine, known as the bumper, and was thrown into a ditch about ten feet from the section-house. The engineer testified, that when he discovered her it was impossible to stop the train so as to avoid striking her. She died within an hour after receiving the injury.

It appears from the evidence, also, that the railway was in plain view from the house of the deceased, and that a train approaching from the west could be seen from it, and from any point between the Harris Street crossing and the section-house for a distance of three-quarters of a mile. At the time of the accident there was a bright moonlight; and the head-light of the engine was burning, and the movement of the train created a loud noise. There was some conflict of evidence as to the rate of speed at which the train was running at the time, and whether its bell was rung and its whistle sounded. As to the other facts stated, the evidence was all one way.

There was a verdict and judgment for the plaintiff, whereupon the company brought the case here. The substance of the charge of the court below to the jury is stated in the opinion of the court.

*Mr. Thomas F. Withrow* for the plaintiff in error.

The court below erred in charging the jury upon assumed facts of which no evidence was offered. *Michigan Bank* v. *Eldred*, 9 Wall. 544; *United States* v. *Breiting*, 20 How. 252; *Goodman* v. *Simonds*, id. 343; *Chandler* v. *Von Roeder et al.*, 24 id. 224; *Improvement Company* v. *Munson*, 14 Wall. 442; *Milwaukee & St. Paul Railway Co.* v. *Arms et al.*, 91 U. S. 489; *Artz* v. *Chicago, Rock Island, & Pacific Railroad Co.*, 34 Iowa, 154.

Under the evidence, the court should have instructed the jury to find for the defendant. The deceased was a trespasser, and the company only liable for wilful negligence. *Harlan* v. *St. Louis, Kansas City, & Northern Railroad Co.*, 64 Mo. 480; *Philadelphia & Reading Railroad Co.* v. *Hummell*, 44 Pa. St.

375 ; *Finlayson* v. *Railroad Company*, 1 Dill. 579 ; *Illinois Central Railroad Co.* v. *Godfrey*, 71 Ill. 501.

Where it is manifest that, upon the evidence, the court should set aside a verdict against a party, it is its duty to charge the jury not to return such a verdict. *Pleasants* v. *Fant*, 22 Wall. 116 ; *Improvement Company* v. *Munson, supra ; Wilds* v. *Hudson River Railroad Co.*, 24 N. Y. 430 ; *Lake Shore & Michigan Southern Railroad Co.* v. *Miller*, 25 Mich. 274.

The deceased did not exercise that degree of care and diligence required of her. *Wild* v. *Hudson River Railroad Co.*, 29 N. Y. 315 ; *Pennsylvania Railroad Co.* v. *Beale*, 73 Pa. St. 504 ; *North Pennsylvania Railroad Co.* v. *Heileman*, 49 id. 60 ; *Butterfield* v. *Western Railway Corporation*, 10 Allen (Mass.), 532 ; *Wheelock* v. *Boston & Albany Railroad Co.*, 105 Mass. 203 ; *Gaynor* v. *Old Colony & Newport Railroad Co.*, 100 id. 208 ; *Burns* v. *Boston & Lowell Railroad Co.*, 101 id. 50 ; *Lucas, Adm'r,* v. *Taunton & New Bedford Railroad Co.*, 6 Gray (Mass.), 64 ; *Wild* v. *Hudson River Railroad Co., supra ; E. nst* v. *Hudson River Railroad Co.*, 39 N. Y. 61 ; *Wilcox* v. *Rome & Watertown Railroad Co.*, id. 358 ; *Davis* v. *New York Central & Hudson River Railroad Co.*, 47 id. 400 ; *Wilds* v. *Hudson River Railroad Co., supra ; Gorton* v. *Erie Railway Co.*, 45 N. Y. 660 ; *Steves* v. *Oswego & Syracuse Railroad Co.*, 18 id. 422 ; *Sheffield* v. *Rochester & Syracuse Railroad Co.*, 21 Barb. (N. Y.) 339 ; *Gonzales* v. *New York & Harlem Railroad Co.*, 38 N. Y. 440 ; *Morris & Essex Railroad Co.* v. *Haslan et al.*, 33 N. J. L. 149 ; *Telfer* v. *Northern Railroad Co.*, 30 id. 188 ; *Pennoyer* v. *Central Railroad Co.*, 25 id. 558 ; *Toledo & Wabash Railroad Co.* v. *Shuckman, Adm'r*, 50 Ind. 42 ; *Pittsburgh, Fort Wayne, & Chicago Railroad Co.* v. *Vining*, 27 id. 513 ; *Lafayette & Indianapolis Railroad Co.* v. *Huffman*, 28 id. 287 ; *Toledo & Wabash Railroad Co.* v. *Goddard*, 25 id. 185 ; *Chicago & Rock Island Railroad Co.* v. *Still*, 19 Ill. 500 ; *Galena & Chicago Union Railroad Co.* v. *Dill*, 22 id. 265 ; *Chicago & Alton Railroad Co.* v. *Gretzner*, 46 id. 74 ; *Chicago & Northwestern Railway Co.* v. *Sweeney*, 52 id. 325.

*Mr. Jefferson Chandler, contra.*

The charge given the jury covers every aspect of the case as presented by the evidence.

As to the negligence of the defendant. *Railroad Company* v. *Whitton*, 13 Wall. 270; *Maginnis* v. *Railroad Company*, 52 N. Y. 215; *Philadelphia Railroad Co.* v. *Hagan et al.*, 47 Pa. St. 244; *Chicago, Burlington, & Quincy Railroad Co.* v. *Payne*, 59 Ill. 534; *Artz* v. *Chicago & Rock Island Railroad Co.*, 34 Iowa, 154; *Railroad Company* v. *Stout*, 17 Wall. 657; *Baltimore & Ohio Railroad Co.* v. *Trainor*, 33 Md. 542; *Same* v. *Boteler*, 38 id. 568; *O'Mara* v. *Railroad Company*, 38 N. Y. 445; *Renwick* v. *New York Central Railroad Co.*, 36 id. 132; *Beisiegel* v. *Same*, 34 id. 622; *Richardson* v. *Same*, 45 id. 846; *White* v. *Phillips*, 15 C. B. N. S. 245; *State* v. *Manchester & Lawrence Railroad*, 52 N. H. 528; *Brown* v. *The Hannibal & St. Joseph Railroad Co.*, 50 Mo. 461.

As to contributory negligence. *Railroad Company* v. *Whitton, supra; Railroad Company* v. *Stout, supra; Smith* v. *Union Railway Co.*, 61 Mo. 588; *Kennayde* v. *Pacific Railroad Co.*, 45 id. 255; *Burham* v. *St. Louis & P. M. Railroad Co.*, 56 id. 338; *Tabor* v. *Missouri Valley Railroad Co.*, 46 id. 353; *Brown* v. *The Hannibal & St. Joseph Railroad Co.*, 50 id. 461; *Walsh* v. *Mississippi Valley Transportation Co.*, 52 id. 434; *Artz* v. *Chicago, Rock Island, & Pacific Railroad Co., supra; Baltimore & Ohio Railroad Co.* v. *Trainor, supra; Same* v. *Fitzpatrick*, 35 Md. 32; *Railroad Company* v. *State*, 36 id. 366; *Brown* v. *Lynn*, 31 Pa. St. 510; *Railroad Company* v. *Chendworth*, 52 id. 382; *Gray* v. *Scott*, 66 id. 345; *Butler* v. *Milwaukee & St. Paul Railroad Co.*, 28 Wis. 487; *The Lafayette & Indianapolis Railroad Co.* v. *Adams*, 26 Ind. 76; *The Bellefontaine Railroad Co.* v. *Hunter*, 33 id. 365; *Kerwhacker* v. *The Cleveland, Columbus, & Cincinnati Railroad Co.*, 3 Ohio St. 172; *Same* v. *Terry*, 8 id. 570; *Macon & Western Railroad Co.* v. *Davis*, 18 Ga. 679; *Central Railroad and Banking Co.* v. *Davis*, 19 id. 437; *Daley* v. *Norwich & Worcester Railroad Co.*, 26 Conn. 591; *Trow* v. *The Vermont Central Railroad Co.*, 24 Vt. 487; *Bridge* v. *The Grand Junction Railway Co.*, 3 M. & W. 244; *Lane* v. *Atlantic Works*, 107 Mass. 104; *Britton* v. *Inhabitants, &c.*, id. 347.

MR. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

If the positions most advantageous for the plaintiff be as-

sumed as correct, that the train was moving at an unusual rate of speed, its bell not rung, and its whistle not sounded, it is still difficult to see on what ground the accident can be attributed solely to the "negligence, unskilfulness, or criminal intent" of the defendant's engineer. Had the train been moving at an ordinary rate of speed, it would have been impossible for him to stop the engine when within four feet of the deceased. And she was at the time on the private right-of-way of the company, where she had no right to be. But, aside from this fact, the failure of the engineer to sound the whistle or ring the bell, if such were the fact, did not relieve the deceased from the necessity of taking ordinary precautions for her safety. Negligence of the company's employés in these particulars was no excuse for negligence on her part. She was bound to listen and to look, before attempting to cross the railroad track, in order to avoid an approaching train, and not to walk carelessly into the place of possible danger. Had she used her senses, she could not have failed both to hear and to see the train which was coming. If she omitted to use them, and walked thoughtlessly upon the track, she was guilty of culpable negligence, and so far contributed to her injuries as to deprive her of any right to complain of others. If, using them, she saw the train coming, and yet undertook to cross the track, instead of waiting for the train to pass, and was injured, the consequences of her mistake and temerity cannot be cast upon the defendant. No railroad company can be held for a failure of experiments of that kind. If one chooses, in such a position, to take risks, he must bear the possible consequences of failure. Upon the facts disclosed by the undisputed evidence in the case we cannot see any ground for a recovery by the plaintiff. Not even a plausible pretext for the verdict can be suggested, unless we wander from the evidence into the region of conjecture and speculation. Under these circumstances, the court would not have erred had it instructed the jury, as requested, to render a verdict for the defendant.

But the plaintiff in error specially complains that the court below gave instructions which assumed as established matters not in proof, and thus directed the attention of the jury to subjects which might mislead their judgment. Thus, while the

train coming from the west could be seen, as already stated, at any point between Harris Street crossing and the section-house for a distance of three-quarters of a mile, the court in its charge assumed that the light from the train might have been obstructed by cars on the side track in the vicinity of the place where the injury was inflicted, and told them that whether the view was thus obstructed was for them to determine. Again, there was no evidence of any attempt on the part of the deceased to cross the railway at the Harris Street crossing. She was not seen, as already stated, except when leaving her house, until immediately previous to her injury, and then she was ninety feet east of the crossing. Yet the court, at the request of the plaintiff, instructed the jury, as to the right of the deceased in passing the railway upon a public crossing, to rely upon a substantial compliance by the servants of the company with the duties required by law in giving signals and warnings of approach; and as to its liability if the deceased was killed by the cars while they were running to and over a public street-crossing, without giving the required and usual signals of approach : and further instructed them, upon its own motion, that there was a controversy upon the evidence whether she crossed or attempted to cross the railway at the Harris Street crossing, or at a place not a crossing; and that this was a question of fact for their determination.

To instruct a jury upon assumed facts to which no evidence applied was error. Such instructions tended to mislead them, by withdrawing their attention from the proper points involved in the issue. Juries are sufficiently prone to indulge in conjectures, without having possible facts not in evidence suggested for their consideration. In no respect could the instructions mentioned have aided them in reaching a just conclusion.

The judgment must be reversed and the cause remanded for a new trial; and it is                              *So ordered.*

Mr. Justice Harlan did not sit in this case.