# THE CHICAGO & NORTHWESTERN RAILWAY COMPANY
## v.
## SOREN GEETSEN.

1. CROSSING RAILROAD TRACK.—The act of attempting to cross a railroad track in a thronged city without looking and listening is *per se* negligence.

2. NEGLIGENCE—INSTRUCTION.—An instruction that "the jury are instructed, as a matter of law, that a railway crossing is a place of great danger; that the tracks themselves are a warning to those about to go upon

them that it is dangerous, and that it is the duty of every person before going upon or across the railway track to exercise care and caution, *either* in looking in both directions *or* to listen to ascertain whether it is safe to go upon the track or otherwise, as may be shown by the evidence in the case. *Held*, erroneous in failing to state the degree of care required and in being in the alternative.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed January 6, 1885.

Mr. B. C. COOK and Mr. W. B. KEEP, for appellant; cited C. & N. W. Ry. Co. v. Dimick, 96 Ill. 45; C. & A. Ry. Co. v. Jacobs, 63 Ill. 179; C. & R. I. Ry. Co. v. McKean, 40 Ill. 236; C. R. I. & P. Ry. Co. v. Bell, 70 Ill. 108; Garland v. C. & N. W. Ry. Co., 8 Bradwell, 576.

Mr. JAMES R. MANN and Mr. ADOLPH LUND, for appellee.

WILSON, P. J. This suit was brought by appellee against the Chicago & Northwestern Railway Company before a justice of the peace, to recover damages for the loss of a horse and wagon destroyed by appellant's railway train at the crossing of its tracks on Division street, in the city of Chicago. Appellee was driving west on Division street, and his horse was struck by appellant's train coming south as appellee was attempting to cross the defendant's railroad tracks. It is claimed by each party that the injury complained of was caused by the negligence of the other. We shall not rehearse the evidence in detail, it being sufficient to say that the testimony on the part of the plaintiff tended to show that no alarm of the approach of the train was given by bell or whistle; that the flagman failed to do his duty, and that the persons in charge of the train might, by the exercise of ordinary vigilance, have seen the danger and stopped the train in time to prevent the accident. On the part of the defendant the testimony tended to prove that the accident was due to the want of care and caution on the plaintiff's part in attempting to cross, or while crossing, the tracks; that the bell was rung, the alarm whistle sounded, and the brakes promptly applied

with all due diligence; that the plaintiff disregarded the directions of defendant's flagman, which, if obeyed, would have averted the calamity. The evidence in relation to these and other disputed questions of fact was sharply conflicting and contradictory. The jury found for the defendant in the justice's court, and for the plaintiff in the superior court.

The Supreme Court, as well as this court, has frequently repeated the rule that when the evidence is thus conflicting, and the merits of the case are doubtful, each party is entitled to have the benefit of an accurate statement by the court to the jury of the law applicable to the facts of the case. And this is not merely an arbitrary or artificial rule, but is one based in sound reason. The office of instructions is to inform the minds of the jury as to the legal principles by which they are to be governed, and thus guide them in meting out justice according to law.

No instructions were asked or given on the part of the plaintiff.

The ninth instruction asked by the defendant related to the duty of persons in respect to the use of care and caution when about to cross a railroad track, and was as follows: "The jury are instructed, as a matter of law, that a railway crossing is a place of danger; that the tracks themselves are a warning to those about to go upon them that it is dangerous, and that it is the duty of every person before going upon or across a railway track to look in both directions, and to listen to ascertain whether it is safe to go upon the tracks." The court refused to give this instruction as asked, but gave it modified as follows: " 9. The jury are instructed, as a matter of law, that a railway crossing is a place of great danger; that the tracks themselves are a warning to those about to go upon them that it is dangerous, and that it is the duty of every person before going upon or across the railway track to exercise care and caution, *either* in looking in both directions *or* to listen to ascertain whether it is safe to go upon the track, or otherwise as may be shown by the evidence in the case."

We are of opinion that the instruction as asked was proper. The Supreme Court has repeatedly sanctioned similar in-

Chicago & Northwestern Ry. Co. v. Gertsen.

structions. They have held, *as matter of law*, that when persons are about to cross a railroad track it is their duty to use all their faculties to discover the approach of a train, not only by listening but by looking. In Chi. & R. I. R. R. Co. v. McKean, 40 Ill. 236, the court said:

"We hold it is the imperative duty of persons traveling on a public road crossed by a railroad on the same level to use all the faculties they have, on approaching the crossing, to discover a train, not only by listening for bell or whistle, but to look out, by all means, whether there be a warning board or not, to enjoin that duty upon them."

In Jacob's Case, 63 Ill. 179, the court said: In his (a traveler's) approach to such crossing, it is incumbent upon him to exercise care and caution by looking and listening for any train that may be approaching, so as to prevent the danger of a collision." In C. & N. W. Ry. Co. v. Dimick, 96 Ill. 45, the court say: "This court has often decided that it is the duty of a person about to cross a railroad track to look and to listen for an approaching train, and it is negligence to omit that duty."

In Chi., R. I. & P. R. R. Co. v. Bell, 70 Ill. 102, the court say: "And it is the general rule that it is deemed culpable negligence to cross the track of a railroad without looking in every direction that the rails run, to make sure that the road is clear."

It is to be observed that these were all cases of railroad crossings at roads in the country, where there was nothing to obstruct the view or intercept the sound of an approaching train. If the law deems it negligence to omit to listen and look under such circumstances, *a fortiori* it would be negligence not to look and listen at a railroad crossing in a crowded city.

A like rule has been held in other States. Thus in Havens v. The Erie Ry. Co., 41 N. Y. 296, the court say: "A traveler, in crossing a railroad track, is required to exercise at least ordinary sense, prudence and capacity, which requires that he should use his ears and eyes so far as he has an opportunity to do so; and a failure to do this will be deemed

to be negligence sufficient to preclude a recovery in his favor, in case of an accident." And in Baxter v. Troy & Boston Ry. Co., 41 N. Y. 503: "The case to be examined by the plaintiff, required him to make a vigilant use of his eyes and ears in ascertaining whether trains were approaching."

So in Chi., R. I. & .Pac. Ry. Co. v. Houston, 95 U. S. 697, the court said: "But the failure of the engineer to sound the whistle or ring the bell, if such were the facts, did not relieve the deceased from the necessity of taking ordinary precautions for her safety. Negligence of the company's employes in these particulars was no excuse for negligence on her part. She was bound to listen and to look before attempting to cross the railroad track, and not to walk carelessly into the place of approaching danger." The books abound in like cases. But it seems hardly to require the sanction of adjudicated cases, to justify us in holding the act of attempting to cross a railroad track in a thronged city without looking and listening, is *per se* negligence, and that to so hold is no invasion of the province of the jury. The fact being admitted, negligence is a presumption of law. The danger is apparent to the most casual observer; it is a danger of which the senses take cognizance without proof.

If, however, it were conceded that the instruction, as asked, did not state the law correctly, the instruction as modified was erroneous in several essential respects. Its language is in the alternative. By it the jury were told that it was the plaintiff's duty to use care and caution *either* by looking or by listening, " or otherwise as may be shown by the evidence," that is, it would be sufficient to relieve him from the imputation of negligence, if he looked though he did not listen, or if he listened though he did not look. He need not use both his sense of sight and hearing; it was enough if he used either.

But the modification contained still another alternative, in the words " or otherwise as may be shown by the evidence," that is to say, it would be sufficient if the plaintiff used care and caution otherwise than by looking or listening. Precisely what was intended by the language used is not very clear,

but the modification is objectionable in failing to state the degree of care required. The jury would be warranted in concluding that it was sufficient to relieve appellee from fault if he exercised any care and caution, however slight. This is not the law. The plaintiff must have been in the exercise of ordinary care; the modification was therefore misleading.

While we regret to be compelled to send back for another trial, cases of trifling amount, we can not ignore settled rules of law which are established to control the trial of all cases, without regard to the amount involved or the parties to the suit.

The judgment must be reversed and the cause remanded for a new trial.

Reversed and remanded.