THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY
v. MRS. M. A. KARNS.

No. 13,065. ( 72 Pac. 234.)

Error from Labette district court; THOMAS J. FLANNELLY, judge. Opinion filed April 11, 1903. Reversed.

*Pratt, Dana & Black*, for plaintiff in error.
*M. E. Williams*, for defendant in error.

*Per Curiam:* The defendant in error, Mrs. M. A. Karns, recovered judgment against the St. Louis & San Francisco Railroad Company for damages occasioned her by the death of her son, Merton L. Karns, on the 1st day of July, 1899, when he was run over by one of the freight-trains of the company. Young Karns was about nineteen years of age and in full possession of all his faculties, and was employed in a mill which was on the north side of the tracks in the city of Oswego. At the place of the accident there are three tracks, a main line and two switch tracks. The young man, desiring to go to the business part of the city, passed east from his place of employment along one of the switch tracks. In so doing, he was run down by a freight-train backing in from the east. It was about ten o'clock A. M., and the day was clear. There was nothing to prevent his seeing the train as it was bearing down upon him had he

looked.  The particular acts of negligence charged to the company by the petition of the plaintiff were as follows:

"The failure, negligence and omission of said defendant and its employees to have a brakeman on the front end of said car farthest west and being then and there propelled, backed or driven by said engine westward, so as to be on the watch and to guard as much as possible against accidents.  The failure and neglect of said engineer and other employees to give notice and warning to deceased of the moving and approaching of said engine and cars by sounding the whistle, ringing the bell, or otherwise, the same then and there being a violation and reckless disregard by said agents and employees of defendant of their duties."

The railroad company, in addition to other defenses, pleaded contributory negligence on the part of the deceased.  Upon the trial the company introduced no evidence and the jury returned a general verdict in favor of the plaintiff, and also answered special questions submitted by both parties.  In part the special findings were as follows:

"3.  Was Merton L. Karns familiar with the lay of the land at and about the place where the accident occured?  Ans.  He was.

"4.  Was Merton L. Karns familiar with the location of defendant's track at and about the place where the accident occurred? A. Yes.

"5.  Were Merton L. Karns's senses of sight and hearing good at the time of the accident?  A.  Yes."

"9.  In what direction was the train moving at the time of the accident?  A.  West."

"14.  At the time Merton L. Karns was injured was he walking east upon the tracks of defendant's road at Oswego?  A.  Yes."

"20.  At the point where Merton L. Karns was injured were the tracks frequently used by defendant for switching purposes in placing cars at the mill where he was employed?  A.  Yes."

"22.  Prior to the accident had Merton L. Karns frequently seen defendant use the tracks at the point of the accident for switching purposes?  A. Yes.

"23.  Was defendant switching cars over and upon its tracks at and prior to the time Merton L. Karns went upon them?  A. Yes.

"24.  Was there anything to prevent Merton L. Karns from seeing defendant's cars approaching from the east had he looked? A. No."

"26.  If Merton L. Karns had looked east while he was walking upon defendant's tracks, would he not have seen the cars approaching in time to have stepped off the tracks?  A. Yes, had he looked in time."

The jury also specially found that no sufficient signal or warning of the approaching car was given, and that the company was guilty of negligence which caused the death of young Karns, by not giving such signals.  The court overruled the motion of the company for judgment in its favor upon the special findings and rendered judgment for

plaintiff upon the general verdict, which judgment is sought to be reversed by this proceeding.

These facts involve the old, well-recognized, oft-repeated and oft-disregarded rule that when one goes upon the track of a railroad he must look and listen for the approach of danger. If this rule is obligatory upon one when he approaches a railroad-track for the purpose of crossing it, much more is it obligatory when one assumes to walk upon and along such track. In this case, the special findings disclose what the evidence abundantly sustains, that the deceased, in full possession of his faculties, in broad daylight, walked along a switch track, where the surroundings were well known to him and well knowing that the company was in the habit of using such track for switching purposes, with nothing to prevent his seeing the train bearing down upon him had he looked, with time to have avoided the danger had he given heed, yet suffered himself to be run upon by the train approaching from the direction in which he was going. It is simply the old story of proper want of care for one's safety in the presence of danger. That the sad result might have been averted had there been a man upon the approaching car to give warning and signals makes no difference. It would also have been averted had the injured man observed the most ordinary precautions for his safety. One may not contribute to his injury by an omission of ordinary care for his own safety, and then recover damages for injuries suffered from the neglect of another. For the purpose of emphasizing the old rule, rather than with the hope of preventing like fatalities in the future, we quote from *Railroad Company v. Houston*, 95 U. S. 697, 702, 24 L. Ed. 542:

". . . The failure of the engineer to sound the whistle or ring the bell, if such were the fact, did not relieve the deceased from the necessity of taking ordinary precautions for her safety. Negligence of the company's employees in these particulars was no excuse for negligence on her part. She was bound to listen and to look, before attempting to cross the railroad-track, in order to avoid an approaching train, and not to walk carelessly into the place of possible danger. Had she used her senses, she could not have failed both to hear and to see the train which was coming. If she omitted to use them, and walked thoughtlessly upon the track, she was guilty of culpable negligence, and so far contributed to her injuries as to deprive her of any right to complain of others. If, using them, she saw the train coming, and yet undertook to cross the track, instead of waiting for the train to pass, and was injured, the consequences of her mistake and temerity cannot be cast upon the defendant."

See, also, *A. T. & S. F. Rld. Co. v. Priest*, 50 Kan. 16, 31 Pac. 674; *Railroad Co. v. Holland*, 60 id. 209, 56 Pac

6; *Bush v. Railroad Co.*, 62 id. 709, 64 Pac. 624; *Railway Co. v. Judah*, 65 id. 474, 70 Pac. 346; *Railway Co. v. Bussey*, ante, 735, 71 Pac. 261.

It is contended by the plaintiff in error that the deceased was a trespasser upon the tracks where he was killed, and that therefore it owed him no duty except not to wilfully or wantonly injure him.   We have decided the case, however, as though he was rightfully traveling along the tracks. The findings of the jury, being such as to show contributory negligence on the part of the deceased, show that plaintiff below had no right to recover.

We must therefore reverse the judgment of the court below, and direct that judgment be entered upon the special findings for plaintiff in error.