## MICHIGAN CENT. R. CO. v. VASTAG.

(Circuit Court of Appeals, Seventh Circuit.     June 28, 1920.     Rehearing
Denied October 22, 1920.)

No. 2747.

1. **Railroads ⬦350(1)—Evidence held to raise jury question as to whether accident occurred as claimed.**

Testimony by plaintiff that he was struck by a west-bound train when his foot got caught in the flangeway along the south rail is not physically impossible, so as to be insufficient to go to the jury, though plaintiff was found unconscious after the accident 35 feet east of the crossing and north of the track, and there was no blood near the crossing, and plaintiff told the claim agent, shortly after the accident, that he was struck at another crossing.

2. **Railroads ⬦330(3)—Neglect to look and listen not excused by want of signals.**

The failure of railroad employés to sound the bell or blow the whistle on approaching a crossing cannot excuse a pedestrian for failing to look or listen for an approaching train.

3. **Railroads ⬦327(2)—Pedestrian held contributorily negligent in failing to look.**

A pedestrian, who stepped on the tracks at a street crossing when a train, which could have been seen for a distance of 2 miles, could not have been more than 200 feet away, was guilty of contributory negligence, which relieves the company of any liability for its failure to ring the bell or blow the whistle.

4. **Railroads ⬦303(3)—Street crossing sidewalk with flangeway held not defective.**

The fact that a sidewalk crossing was constructed with the necessary flangeway slightly wider than the flanges does not, in the absence of evidence of negligent construction, show a violation of the statutory or common-law duty to construct safely the crossing, though the flangeway was approximately the width of some shoe heels, since it would be impossible to construct a flangeway which would be safe for all sizes and shapes of heels.

5. **Railroads ⬦346(3)—Res ipsa loquitur rule inapplicable to sidewalk crossing.**

The rule of res ipsa loquitur does not apply to the construction of the flangeway at a sidewalk crossing, so as to show negligent construction, on proof that a pedestrian caught his heel in the flangeway.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Steve Vastag against the Michigan Central Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Action to recover damages for injury to person. Verdict and judgment for plaintiff. Defendant in error, herein called plaintiff, while crossing the tracks of defendant in error, herein called defendant, caught his foot between the rail and the sidewalk, and was run over by a passenger train, losing a leg thereby.

On the evening in question, at about 7 o'clock, plaintiff was about to leave Hammond for his home in Gary. Missing a street car, he walked along a street parallel to and immediately south of some railroad tracks, seven in

number, two of which belonged to defendant. He reached Howard street (running north and south), and went north on the east sidewalk, crossing five of the tracks, before his progress was interrupted by a long freight moving eastward. Here he waited until the train ·had cleared the crossing some 40 or 50 feet, and then resumed his journey northward. As he stepped on the last track, the so-called west-bound Michigan Central main track, the heel of his. foot caught between the north edge of the south rail and the south edge of the adjacent sidewalk. This space was approximately 2¾ inches wide, a trifle over 2 inches deep, the width of the bottom being 2⅜ inches. This flangeway, found in all crossing structures, is left for the engine and car wheels to pass along, and in the instant case was made of two car rails. One old rail was laid on its side, so that its ball fitted along the ball of the rail over which the car wheels passed. The bottom of the old ʾrail, therefore, was flush with and formed the edge of the sidewalk.

The train that struck plaintiff was coming from the west, was in plain sight, and could be seen from the Howard street crossing a distance of 2 miles. It was moving rapidly, and the engineer neither rang the bell nor blew the whistle. Upon being struck, plaintiff was rendered unconscious, and remained so for some time after he reached the hospital. He was discovered by passers-by about 15 minutes after the accident, being found some 15 to 35 feet east of the sidewalk, and "a foot or so" north of the north rail. No blood was found on the south rail, where plaintiff claimed to have caught his foot, or elsewhere, except on. the north rail, near where he lay. One witness testified that when he saw plaintiff his shoe was on his foot and the heel on the shoe intact. Another witness stated he found "a heel" on the east sidewalk the following morning. Neither the heel nor the shoe was offered in evidence.

Plaintiff's declaration consisted of four common-law counts. The first charged a failure to "use due care in managing, controlling, and ōperating its railroad and its train and said crossing, so that plaintiff might not be injured." The second charged defendant with having failed "to properly grade and gravel its road and tracks." The third charged defendant with having "carelessly and negligently constructed and maintained said crossīng, * * * so that a certain opening next to and adjoining the. south rail of said west-bound track was arranged and allowed to be and remain so that pedestrians were liable to catch their feet in said place and be held and fastened there." The fourth count charged defendant with having failed "to use due care to sound the bell and whistle as required by the statute," etc.

Defendant assigns error: (a) In refusing to direct a verdict in its favōr. (b) In refusing to admit evidence offered by it. (c) In refusing its requested instructions.

Edward W. Everett, of Chicago, Ill., for plaintiff in error.
Charles P. Molthrop, of Chicago, Ill., for defendant in error. ·
Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above). Defendant urges that a careful examination of the evidence will convince us that the accident never occurred at the Howard street crossing, and that it was a physical impossibility for it to have occurred in the manner described by plaintiff. In support of this position, it is urged that, if plaintiff was caught in the flangeway adjacent the south rail, then he could not have been thrown to the north side of the north rail, and, if he was struck by a rapidly moving west-bound passenger train while thus caught, he would have been carried to the west, whereas he was found at least 15 feet and possibly 35 feet east of the sidewalk. Defendant further insists that in any case there would have been blood

marks where he was run over and at the point where he was left unconscious. This theory, it is claimed, is corroborated by a statement given by plaintiff to a claim agent shortly after the accident, wherein plaintiff stated he was run over at Columbia avenue, a street immediately east of Howard street, but at which crossing there was no sidewalk.

[1] After a full and careful examination of all the evidence, we conclude a jury question on this phase of the case was presented. The plaintiff may have rolled or thrown himself violently about, and thus account for his position north of the track and east of the sidewalk. As to the absence of blood marks, it appears that several hours elapsed before witnesses examined the premises carefully the following morning, and it does not conclusively appear that the premises remained untouched overnight. Moreover, the amount of blood lost may, under the circumstances, have been small, and wholly absorbed by the clothing. Likewise any statement made by plaintiff shortly after the accident at most only impeaches his sworn testimony. From the entire story we think it was for the jury to draw the proper conclusion.

[2, 3] While plaintiff, in view of the passing freight train, was not in the best position to hear the bell or the whistle, we accept his statement that they were not sounded. Defendant insists, however, that liability, if any, arising out of its breach of duty in this respect, is defeated by plaintiff's contributory negligence. Certainly defendant's failure to sound the bell and blow the whistle cannot excuse plaintiff for failing to look or listen for an approaching train. This passenger train was in plain sight. It could have been clearly seen, had plaintiff looked, for a distance of 2 miles. As he stepped on the tracks it could not have been more than 200 feet away. Distressing as the consequences are, plaintiff's contributory negligence relieves defendant of any liability due to its failure to ring the bell or blow the whistle. Northern Pacific Ry. Co. v. Freeman, 174 U. S. 379, 19 Sup. Ct. 763, 43 L. Ed. 1014; Railroad Co. v. Houston, 95 U. S. 697, 24 L. Ed. 542.

[4] As to the alleged defect in the street crossing, the Indiana statute reads:

"That it be the duty of each railroad company whose road or tracks cross, or shall hereafter cross, any street, avenue or alley in any incorporated town or city in the state of Indiana * * * to properly grade and plank or gravel its said road and tracks at its intersection with and crossing of said street, avenue or alley in accordance with the grade of said street or avenue, in such manner as to afford security for life and property at such intersection and crossing."

Defendant concedes a common-law duty equal to that imposed by the statute, but denies dereliction in any respect. Aside from the happening of the accident, we fail to find any evidence pointing to negligence, or deficiency. None has been suggested. The planks were in good repair and in proper position. No complaint is made concerning them. There had been no widening or deepening of the flangeway. There was no evidence that this structure was not properly or well constructed. In fact, certain offered expert proof that flangeways were usually constructed in this manner was rejected upon plaintiff's objection.

It is necessary to provide a flangeway, if car and engine wheels are to be provided with flanges and remain on the track. The flanges on these wheels are about 2 inches wide and vary but slightly. A space somewhat wider than the width of the flange is necessary. But a space much wider than 2¾ inches would not necessarily lessen the danger to the pedestrian. With feet and heels varying in size and shape, no single width could satisfactorily accommodate all. Had the width been greater, it might have been more dangerous, for plaintiff's heel was 2½ inches wide and 3 inches from the back to the front.

[5] Nor can the rule res ipsa loquitur here apply. It is not a case where the flangeway can be entirely eliminated, nor can all possibility of danger be avoided. In fact, the operation of a railroad over a street crossing must necessarily be attended with some danger. This being the case, there is always a possibility of some foot or heel being caught. It is not a case where a foot thus caught necessarily implies a defect in the crossing.

We recognize that in many cases of crossing accidents situations are presented requiring the court to submit the question of negligence to the jury. But in all of them there is some defect in original construction, or some "wearing away," either in the rail, or the planks, or in the hole, evidencing some want of repair or neglect in maintenance, some clumsy workmanship or careless inspection, that raises the jury question. In the present case, our attention has not been called to a single suggested change in the structure; and in open court, counsel admitted this was not a case for the application of the rule res ipsa loquitur.

Concluding, as we do, that the evidence fails to support any of the counts, it is unnecessary for us to consider any other defense or assignment of error.

The judgment is reversed, and the cause remanded.