## ATLANTIC COAST LINE R. CO. v. McLEOD.

(Circuit Court of Appeals, Fourth Circuit.
January 12, 1926.)

### No. 2387.

**1. Railroads ☞327(2)—Pedestrian, stepping in front of train at crossing, held negligent.**

Where freight train with headlight lit was traveling 35 miles an hour, and could be heard 250 yards away, pedestrian, who stepped directly in front of it at crossing, was contributorily negligent as matter of law.

**2. Appeal and error ☞927(7).**

On defendant's motion for directed verdict, Circuit Court of Appeals must view plaintiff's testimony in light most favorable to him.

**3. Railroads ☞338.**

That train could not be stopped within distance person down on track could be seen excludes last chance doctrine.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Columbia; Ernest F. Cochran, Judge.

Action by William C. McLeod against the Atlantic Coast Line Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

Douglas McKay, of Columbia, S. C. (Thomas W. Davis, of Wilmington, N. C., on the brief), for plaintiff in error.

D. W. Robinson, of Columbia, S. C. (L. D. Jennings, of Sumter, S. C., on the brief), for defendant in error.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

PARKER, Circuit Judge. This was an action instituted by William C. McLeod against the Atlantic Coast Line Railroad Company to recover damages for personal injuries sustained by him when struck at a railroad crossing by one of its freight trains. He recovered a verdict for $2,000 in the District Court, and this writ of error is prosecuted by the company to reverse the judgment rendered thereon. McLeod was plaintiff in the District Court, and the company was defendant, and for convenience they will be so designated in this opinion.

The injury of which plaintiff complains occurred at or near Broadway Siding, in Sumter county, S.C., where the main highway between Pinewood and Sumter crosses defendant's railroad track from Augusta, Ga., to Florence, S. C. Plaintiff and two of his companions were struck at this crossing by a north-bound freight train some time between 12 and 2 o'clock on the morning of July 3, 1922. The freight train, consisting of a locomotive and 45 cars, was traveling at a speed of around 35 miles an hour. It was making so much noise that it was heard by one of plaintiff's witnesses 250 yards away. The locomotive was equipped with an electric headlight, burning and in good condition.

Plaintiff spent the evening preceding his injury at the home of one Jim Brewer, near the crossing. He testifies that he left Brewers about midnight, in company with two of Brewer's sons, and proceeded to the home of one Agnes Weeks, who lives near the crossing, to employ her to hoe cotton for him next day. He states that, having left the home of Agnes Weeks shortly after midnight, he and the Brewer boys were walking along the public highway, and were in the act of crossing the railroad track, when they were struck by the approaching freight train, with the result that both of the Brewer boys were killed outright, and plaintiff himself was seriously injured. This was plaintiff's statement on the trial. A short while after the occurrence, however, he stated to the coroner of Sumter county, and also to his attending physician, that he and his companions had been drinking on the night of the occurrence, and that the three of them had gone to sleep on the track; that he was awakened by the train and was in a rising position, getting off, when the train struck him.

The track approaching the crossing was straight, and although there was evidence as to the presence of buildings and other obstruction which would tend to obscure the view of the track as one approached, there was no obstruction that would have shut off the view entirely of the approaching light of the engine. There was evidence on the part of the plaintiff that the crossing signals were not given, but no explanation offered as to why plaintiff did not hear the noise made by the approaching train. The evidence was that persons lying down on the track at or near the crossing could have been seen from the approaching train for a distance of from 300 to 500 feet, and that the train could not have been stopped in less than the train length, which was about 1,800 feet.

[1, 2] At the conclusion of the testimony defendant moved the court for a directed verdict, and we think that the motion should have been granted. Whether plaintiff's injury occurred in the manner narrated by him on the trial, or whether it occurred in the

manner stated to the coroner and the physician, we think that the plaintiff has failed to make out a case of liability on the part of the defendant. If we take the plaintiff's testimony in the light most favorable to him, as we must in considering a motion for a directed verdict, it establishes negligence on the part of the company; but it also establishes gross contributory negligence on his part as the proximate cause of the injury. If the testimony of plaintiff himself is to be believed, he stepped directly in front of an approaching train, when by the exercise of the slightest care he could have seen the danger and avoided injury.

This is not the case of a traveler in an automobile, whose attention is occupied in part with the driving of his car, and who is unable to stop instantly because of its momentum. It is the case of a pedestrian proceeding leisurely down a highway at night, with nothing to do but look and listen while approaching the crossing, who has it in his power at every moment up to his going upon the track to stop and avoid the danger, and who, nevertheless, with his eyes open and his brain clear, walks deliberately in front of a freight train of 45 cars, running at a speed of 30 miles an hour, and making so much noise as to be heard 250 yards away.

Plaintiff's testimony that as he approached the crossing he looked and listened for the train is not sufficient to carry the case to the jury. The testimony clearly shows that, if he had looked and listened immediately before going upon the track, he must necessarily have both seen and heard the train, and we conclude that, if he did in fact look and listen when approaching the crossing, he must have done so some distance away, and not immediately before going upon the track, as he should have done. If we regard the statement of plaintiff as meaning that he looked and listened immediately before going upon the track, and that he did not see or hear the train at that time, the testimony is so repugnant to the undisputed physical facts that neither the court nor the jury could, without stultifying themselves, concede to it any probative value whatever. Moore on Facts, par. 321. If he had used his senses, he could not have failed both to hear and to see the oncoming train. If he omitted to use them, and walked carelessly upon the track, he was guilty of culpable negligence, and so far contributed to his injury as to deprive him of any right to complain of another. Railroad v. Houston, 95 U. S. 697, 24 L. Ed. 542.

The rule applicable is well stated by the late Judge Woods in a case arising under the South Carolina crossing law, as follows:

"It is well settled that when the railroad company has done nothing to allay his sense of danger, and there are no extraordinary conditions sufficient to distract the attention of a man of ordinary prudence and self possession from the duty of taking precaution, a traveler will be held guilty of contributory negligence, as a matter of law, when the evidence shows affirmatively beyond dispute that he walked or drove his vehicle on a crossing without taking any precaution whatever to ascertain if a train was approaching." Southern Railway Co. v. Priester (4th C. C. A.) 289 F. 947; Citing Railroad Co. v. Houston, 95 U. S. 697, 24 L. Ed. 542; Dernberger v. B. & O. Ry. Co. (4th C. C. A.) 243 F. 21; U. S. Director General of Railroads v. Zanzinger (4th C. C. A.) 269 F. 552; Payne v. Blevins (C. C. A.) 280 F. 310; Bush v. B. & O. Ry. Co. (4th C. C. A.) 288 F. 845.

This rule is stated by the Supreme Court of South Carolina as follows:

"The law imposes upon every capable person the duty of observing due care for his own safety when about to cross a railroad track, which necessarily involves the exercise of his senses. And while it is ordinarily a question of fact for the jury to say whether, under the circumstances of the particular case, the traveler did exercise such care, when the facts are undisputed and susceptible of only one inference, it becomes a question of law for the court. * * * In this case plaintiff's driver did not observe the slightest care for his own safety, or that of the property in his custody, and the failure to observe such a slight precaution as to look for approaching trains before driving upon the crossing was gross negligence. The evidence warrants no other inference than that his failure to look was the sole cause of the accident, or at least a proximate contributing cause. Therefore defendant's motion to direct the verdict should have been granted." Cable Piano Co. v. Southern Ry. Co., 77 S. E. 868, 869, 94 S. C. 143, 145; Drawdy v. Railway, 58 S. E. 980, 78 S. C. 379; Griskell v. Railway, 62 S. E. 205, 81 S. C. 193.

[3] In passing upon the question as to the right of defendant to a directed verdict, we have considered the evidence in the light most favorable to plaintiff, and have disregarded the evidence introduced to sustain defendant's theory of the case, except in so far as it may serve to furnish a basis for liability

on the part of the defendant; but in no aspect of the testimony has plaintiff any right of recovery. That a person down on the track at or near the crossing could be seen for a distance not exceeding 500 feet, and that the train could not have been stopped in less than 1,800 feet, precludes any application of the last clear chance doctrine. Illinois Cent. R. R. Co. v. Johnson, 97 S. W. 745, 30 Ky. Law Rep. 142; Haley v. Missouri Pacific Ry. Co., 93 S. W. 1120, 197 Mo. 15, 114 Am. St. Rep. 743.

For the error of the District Court in refusing defendant's motion for a directed verdict, the judgment below is reversed, and the case is remanded for a new trial.

Reversed.