## SCHOFIELD v. CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MINNESOTA.

Argued April 17, 21, 1885.—Decided May 4, 1885.

The doctrine laid down in *Railroad Co.* v. *Houston*, 95 U. S. 697, cited and applied to the facts of this case.

Where a person, in a sleigh drawn by one horse, on a wagon road, approaching a crossing of a railroad track, with which he was familiar, could have seen a coming train, during its progress through a distance of 70 rods from the crossing, if he had looked from a point at any distance within 600 feet from the crossing, and was struck by the train at the crossing and injured, he was guilty of contributory negligence, even though the train was not a regular one, and was running at a high rate of speed, and did not stop at a depot 70 rods from the crossing in the direction from which the train came, and did not blow a whistle or ring a bell between the depot and the crossing.

On these facts, it was proper for the trial court to direct a verdict for the defendant.

This was an action brought by William R. Schofield against the Chicago, Milwaukee and St. Paul Railway Company, in a State court of Minnesota, and removed by the defendant into the Circuit Court of the United States for the District of Min-

nesota. It was tried before a jury, and, after the plaintiff had rested his case, the jury, under the instruction of the court, rendered a verdict for the defendant. The suit was one to re-cover damages for personal injuries to the plaintiff, caused by his being struck by a train running on the railroad of the defendant, while the plaintiff, in a sleigh drawn by one horse, was endeavoring to cross the track, on the 13th of February, 1881, at Newport, in Minnesota. The train was running north, on the east bank of the Mississippi River, through Newport, to St. Paul, about four o'clock in the afternoon, in daylight, on Sunday. The track was straight from the crossing to a point 2,320 feet south of it, and the country was flat and open. The plaintiff was himself driving, with a companion in the sleigh, in a northerly direction, on a wagon road which ran in the same general course with the railroad, and to the west of it, and attempted to cross it from the west to the east, as the train approached from the south. The crossing was 70 rods to the north of the depot at Newport. Opposite the depot, the wagon road was 280 feet distant to the west of the depot. The plaintiff had a slow horse, and was following the beaten track in the snow. When he arrived at a point in the wagon road 600 feet from the crossing, he could there, and all the way from there till he reached the crossing, have an unobstructed view of the railroad track to the south, and of any train on it, from the crossing back to the depot; and, when he reached a point in the wagon road 33 feet from the crossing, he could have an unobstructed view to a considerably greater distance southward beyond the depot. The evidence showed that, if the train had passed the depot when the plaintiff was at a point 600 feet, or any less number of feet from the crossing, he could not have failed to see the train, if he had looked for it; and that, if the train had not reached the depot, when the plaintiff arrived at a point 33 feet from the crossing, he could not at that point, or at any point in the 33 feet, have failed to see the train beyond and to the south of the depot, if he had looked for it. When the train passed the depot the plaintiff was at least 100 feet from the crossing. The train consisted of a locomotive engine and seven or eight cars. The engine whistled at a point

4,300 feet south of the depot, which was the whistling place for that depot. The wind was blowing strongly from north to south. The man in company with the plaintiff was killed by the accident, as was the horse. The plaintiff resided in the neighborhood, and was familiar with the crossing. After the accident, the men, horse and sleigh were found on the west side of the railroad, showing that they had been struck as they were entering on the crossing. The train was not a regular one, and no train was due at the time of the accident; it was moving at a high rate of speed; it did not stop· at the depot; and it gave no signal by blowing a whistle, or ringing a bell, after it passed the depot.

*Mr. S. L. Pierce* for plaintiff in error.

*Mr. Charles E. Flandrau* for defendant in· error.

MR. JUSTICE BLATCHFORD after stating the facts in the foregoing language, delivered the opinion of the court.

The ground upon which the Circuit Court directed a verdict for the defendant, 2 McCrary, 268, was, that the plaintiff, by his own showing, was guilty of contributory negligence, whatever negligence there may have been on the part of the defendant. Applying the test, that, if it would be the duty of the court, on the plaintiff's evidence, to set aside, as contrary to the evidence, a verdict for the defendant, if given, the court had authority to direct a verdict for the defendant, it considered the case under the rules laid down in *Continental Improvement Co.* v. *Stead,* 95 U. S. 160, and especially in *Railroad Co.* v. *Houston,* Id. ·697, and arrived at the conclusions of law, that neither the fact that the train was not a regular one, nor the fact of its high rate of speed, excused· the plaintiff from the duty of looking out for a train; that the fact that it did not stop at the depot could avail the plaintiff only on the view that, hearing a whistle from it, as it was south of the depot, he supposed it would stop there, and so failed to look,. but that, in such case, he would have been negligent, because it was not certain the train would stop at the depot, and he would have

had warning that a train was approaching; that the neglect of the train to blow a whistle or ring a bell between the depot and the crossing did not relieve the plaintiff from the duty of looking back, at least as far as the depot, before going on the track; and that, in view of the duty incumbent on the plain-tiff to look for a coming train before going so near to the track as to be unable to prevent a collision, and of the fact that he was at least 100 feet from the crossing when the train passed the depot, and could then have seen it if he had looked, and have avoided the accident by stopping until it had passed by, he was negligent in not looking.

These conclusions of law approve themselves to our judgment, and are in accordance with the rules laid down in the cases referred to. In *Railroad Co.* v. *Houston*, it was said: "The failure of the engineer to sound the whistle or ring the bell, if such were the fact, did not relieve the deceased from the necessity of taking ordinary precautions for her safety. Negligence of the company's employés in these particulars, was no excuse for negligence on her part. She was bound to listen and to look, before attempting to cross the railroad track, in order to avoid an approaching train, and not to walk carelessly into the place of possible danger. Had she used her senses, she could not have failed both to hear and to see the train which was coming. If she omitted to use them, and walked thoughtlessly upon the track, she was guilty of culpable negligence, and so far contributed to her injuries as to deprive her of any right to complain of others. If, using them, she saw the train coming, and yet undertook to cross the track, instead of waiting for the train to pass, and was injured, the consequences of her mistake and temerity cannot be cast upon the defendant." The court added, that an instruction to render a verdict for the defendant would have been proper.

These views concur with those laid down by the Supreme Court of Minnesota, in *Brown* v. *Milwaukee Railway Co.*, 22 Minn. 165, and are in accord with the current of decisions in the courts of the States.

It is the settled law of this court, that, when the evidence given at the trial, with all the inferences which the jury could

justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant. *Improvement Co.* v. *Munson*, 14 Wall. 442; *Pleasants* v. *Fant*, 22 Id. 116; *Herbert* v. *Butler*, 97 U. S. 319; *Bowditch* v. *Boston*, 101 Id. 16; *Griggs* v. *Houston*, 104 Id. 553; *Randall* v. *Baltimore & Ohio Railroad Co.*, 109 Id. 478; *Anderson County Comrs.* v. *Beal*, 113 Id. 227; *Baylis* v. *Travellers' Insurance Co.*, Id. 316. This rule was rightly applied by the Circuit Court to the present case. *Judgment affirmed.*