JOHN BUTTE, Appellant, v. PLEASANT VALLEY COAL COMPANY, Respondent.

### Injury to Miner—Contributory Negligence.

1. A miner cannot recover damages from his employer for an injury in consequence of a defective car track, which it was his duty to repair, in a room in which he was working.

2. Nor can he recover damages for an injury in consequence of a defect in a track in his room, which it was his duty to report to the manager of the mine, or other person over him, when he did not report.

(No. 721. Decided Dec. 10, 1896.)

Appeal from the Third judicial district court, Territory of Utah. Hon. S. A. Merritt, *Judge.*

Action of tort brought by John Butte against the Pleasant Valley Coal Company for an injury received by plaintiff while working in defendant's mine. From an order directing a non-suit, plaintiff appeals. *Affirmed.*

*Powers, Sraup & Lippman,* for appellant.

Cited: As questions of fact for the jury to determine: *Wines* v. *Ry. Co.,* 9 Utah 129; *Olson* v. *Ry. Co.,* 9 Utah 129; *Smith* v. *Ry. Co.,* 9 Utah 141; *Jeffs* v. *Ry. Co.,* 9 Utah 374; *Grand Trunk* v. *Ives,* 144 U. S. 408; *Linderberg* v. *Crescent Min. Co.,* 9 Utah 163; *Franklin* v. *Ry. Co.,* 85 Cal. 63; *House* v. *Meyer,* 100 Cal. 592; *Benson* v. *Ry. Co.,* 98 Cal. 45; Sher. & Red. Neg. sec. 114; *Bowers* v. *Ry. Co.,* 4 Utah 215, 253; *Reddon* v. *Ry. Co.,* 15 Pac. (Utah) 262; *Fernandez* v. *Ry. Co.,* 52 Cal. 45; *Ingerman* v. *Moore,* 90 Cal. 410; *Gisson*

v. *Schwabecker,* 99 Cal. 419; *Magee* v. *N. P. C. R. R. Co.,* 78 Cal. 430; Sher. & Red. Neg. sec. 211; *Hawley* v. *N. C. R. R. Co.,* 82 N. Y. 370; *DeWire* v. *Bailey,* 131 Mass. 169; Beach. Neg. p. 39; 4 Am. & Eng. Ency. Law, 34–5; *Pidock* v. *R. R.,* 19 Pac. (Utah) 191; *Stephens* v. *Hannibal R. R. Co.,* 96 Mo. 20 (9 Am. St. Rep. 412).

*Bennett, Harkness, Howat & Bradley,* for respondent.

"If one chooses in such a position to take the risks, he must bear the possible consequences of failure." *Railway Co.* v. *Houston,* 95 U. S. 697.

When the facts are undisputed the effect of the testimony is a question of law, unless reasonable men might fairly draw different conclusions from the testimony. *Railroad Co.* v. *Ives,* 144 U. S. 408; *Olson* v. *R. R. Co.,* 9 Utah 129; *Bunnell* v. *Ry. Co.,* 13 Utah 314.

When the evidence is undisputed or is of such conclusive character that the court in the exercise of a sound judicial discretion would be compelled to set aside a verdict returned in opposition to it, the court should withdraw the case from the jury. *Ry. Co.* v. *Houston,* 95 U. S. 697; *Anderson County* v. *Beal,* 113 U. S. 227–241; *Scofield* v. *Ry. Co.,* 114 U. S. 615; *R. R. Co.* v. *Converse,* 139 U. S. 469-472; *Elliott* v. *Ry. Co.,* 150 U. S. 245; *Ry. Co.* v. *McDonald,* 152 U. S. 262-282; *Victor Coal Co.* v. *Muir,* 20 Col. 320-331; *Bunnell* v. *Ry. Co.,* 13 Utah 314.

ZANE, C. J.:

This action was instituted by the plaintiff to recover compensation for an injury caused, as alleged, by the negligence of the defendant in constructing and maintaining a defective and dangerous track, to be used in the prosecution of his work while in the employ of the

defendant as a miner. It is alleged that the rails rested on defective ties, and that they were not fastened with a sufficient number of spikes, because of which a car operated by plaintiff fell from the rails and struck the plaintiff's back, causing the injury complained of. On the trial of the cause the plaintiff testified that, in the prosecution of his work, he would move the car up near the face of the room, and, when loaded, the driver, by means of a mule, would move the cars upon a track out of the mine; that, on the occasion of the injury, he loaded his car, standing near a post, which he wished to make more secure, and with the assistance of a miner from another room he attempted to push it about two feet out of his way, when a wheel dropped between the rails; that he did not look at the time to ascertain the cause, nor did he examine the track before the injury; that they were at the end of the car, lifting, when his assistant turned around to see if the wheel was on the rail, and the car turned over, and struck him on the back. The plaintiff testified, further, that it was the duty of the miners to lay the track in the room, and keep it in repair, when the company furnished material to repair it with; that plaintiff had been mining in the room two days and a half; that the track had been laid by another miner, who had been at work in the room before plaintiff commenced. In that case he stated it was his duty to report defects to the foreman, but he made no such report. There was other testimony to the effect that there were no spikes to repair with at the time, except as they were taken from ties not in use. Such is the evidence given by the plaintiff, and it stands in the record uncontradicted. Undoubtedly, the track was insecure at the place of the injury; but it was plaintiff's duty to repair it, or, as he says, to give notice to the foreman or manager of the want of repair. As to the existence of these facts,

there is no room for doubt. When the plaintiff rested, defendant's counsel moved for a non-suit, which the court granted after argument by counsel of the respective parties. To this judgment plaintiff excepted, and prosecuted this appeal, and assigns the judgment as error.

While the defendant may have been guilty of negligence that contributed to the injury complained of, it is clear that the plaintiff's negligence also contributed to the same injury. As to plaintiff's want of reasonable care, the evidence leaves no room for doubt or a difference among fair-minded men. The jury should be permitted to find as to the existence of any essential fact as to which there may be a substantial conflict in the evidence; but when there is no evidence of the existence of a fact essential to a recovery, or when the evidence establishes a fact fatal to a recovery, with such certainty as to leave no reasonable doubt in the minds of fair men, the court should grant a motion for a non-suit, or, if the case is submitted to the jury, instruct a verdict for the defendant. *Railway Co.* v. *Ives*, 144 U. S. 408; *Schofield* v. *Railway Co.*, 114 U. S. 615.

We find no error in this record. The judgment is affirmed.

BARTCH and MINER, JJ., concur.