ALMA D. SILCOCK, APPELLANT, *v.* THE RIO GRANDE WESTERN RAILWAY COMPANY, RESPONDENT

DAMAGES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—NON-SUIT— DUTY TO LOOK AND LISTEN—IN CROSSING RAILROAD—RULE EXTENDS TO MANAGEMENT OF TEAM—WHEN CONTRIBUTORY NEGLIGENCE BECOMES QUESTION OF LAW FOR THE COURT—CONTRIBUTORY NEGLIGENCE SHOWN BY PLAINTIFF'S EVIDENCE—RELIEVES DEFENSE OF BURDEN OF PROVING SUCH NEGLIGENCE.

*Damages—Negligence—Contributory Negligence—Non-suit.*

In a suit for damages on account of plaintiff's horses having been run over and killed by defendant's train, where it appeared that plaintiff had been at the place of the accident, on a previous occasion when the same train passed; that plaintiff knew it was a fast train and did not stop there; that he knew about the usual time for the train to pass and that he had not seen or heard it pass on his way to the depot; that plaintiff drove his horses to within "twenty or thirty feet" of the track and left them standing there without tying and went to a point about sixty feet on the other side of the track, want of ordinary care and contributory negligence on the part of plaintiff were sufficiently shown and a non-suit was properly granted.

*Duty to Look and Listen—In Crossing Railroad.*

Where a person permits a team to stand upon a public highway in close proximity to a railroad track, or is about to cross such track, he is bound to look and listen, in order to avoid an approaching train and the happening of an accident.[1]

*Rule Extends to Management of Team.*

The principle which requires that a man shall use his ears and eyes in crossing a railroad track, so far as he has opportunity to do so, equally demands that he shall employ his faculties in managing his team and thus keep out of danger.[2]

[1] *Bunnell* v. *Ry. Co.*, 13 Utah, 314.
[2] *Clark* v. *O. S. L. R. R. Co.*, 20 Utah, 401.

*When Contributory Negligence Becomes Question of Law for the Court.*

> Even though it be admitted that respondent was negligent in some things, still if the evidence introduced by appellant in attempting to prove his case, shows that his own negligence contributed to and was the proximate cause of the injury, the question of negligence becomes one of law for the court.[1]

*Contributory Negligence Shown by Plaintiff's Evidence—Relieves Defense of Burden of Proving such Negligence.*

> Where the plaintiff, in a suit to recover damages for injuries shows by his own evidence that he was guilty of contributory negligence which was the proximate cause of such injuries, the defense is relieved from the burden of proving such negligence and the plaintiff cannot recover.[2]

(Decided June 16, 1900.)

Appeal from Third District Court, Salt Lake County. Hon. A. N. Cherry, *Judge.*

Action to recover damages for personal injuries and for injury to personal property claimed to have been occasioned through the negligence of the defendant company. From a judgment of non-suit entered at the close of plaintiff's testimony, defendant appealed. *Affirmed.*

*Daniel Harrington, Esq.,* and *G. M. Sullivan, Esq.,* for appellant.

It was a duty defendant owed to this plaintiff, and a duty that all railroad companies in this State owe to their patrons, lawfully upon or near their right of way in the transaction of business, to give warning of the approach of their trains, by the ringing of a bell or the sounding of a whistle. *Olson* v. *O. S. L.,* and *U. N. R'ys.,* 9 Utah, 129, 33 Pac. 623; *U. P. Ry. Co.* v. *Rassmussen,* (Ne-

---

[1] *Lowe* v. *Salt Lake City,* 13 Utah, 91.
[2] *Clark* v. *O. S. L. R. R. Co.,* 20 Utah, 401.

braska), 41 N. W. 778; *Chicago B. &. Q. R. R. Co.* v. *Metcalf,* 63 N. W. 51; *Lonergren* v. *Railroad Company,* (Iowa), 49 N. W. 832; *Ranson* v. *Railroad Co.,* (62 Wis. 178, 22 N. W. 147); *People* v. *New York Central Railroad Company,* (25 Barb. 199).

"In an action against a railroad company to recover for injuries caused by the negligence of its servants the determination of the fact whether the person injured was guilty of contributory negligence is a question of fact for the jury." *Grand Trunk Railway Company* v. *Ives,* 144 U. S., 408.

Does the plaintiff's testimony show such negligence on his part in the care and management of his team as to contribute proximately to, or become the porximate cause of the injury? *Railroad Co.* v. *Stout,* 17 Wallace, 657; *Davis* v. *Utah Southern Ry. Co.,* 3 Utah, 218, 2 Pac. Rep. 521; *Grand Trunk Railway Co.* v. *Ives,* 144 U. S. 408; *Wines* v. *Rio Grande Western Railway Co.* 9 Utah, 232–33 Pac. 1042; *Dederichs* v. *Salt Lake City Railway Co.,* 44 Pac. 649; *Linden* v. *Anchor Mining Co.,* 58 Pac. 355; *Hall* v. *Ogden City St. Ry. Co.,* (Utah) 44 Pac. 1046.

The law imposes upon him, who has the last opportunity of avoiding an accident, the burden of doing so. And he who fails to do, and act, upon such final opportunity, as the average prudent man would do, is negligent. This last negligence contributing to, or causing an injury, becomes and is the proximate cause of same. *Atwood* v. *Bangor O. & O. T. Ry. Co.,* (Maine) 40 Atlantic Rep. 67.

*Messrs. Bennett, Harkness, Howat, Sutherland & Van Cott,* for respondent.

It is not negligence for a railroad company to run its

trains at a high rate of speed, and negligence cannot be inferred from speed alone. In this case there is no evidence that the surroundings were such at the point in question that the company should run slow or should run at any rate less than a very rapid one; and if it is not proper for the company to run its trains rapidly at this point, then it was incumbent on the appellant to show the contrary. *Warner* v. *N. Y., etc., Ry. Co.*, 44 N. Y. 465-6; *Omaha, etc., Ry. Co.* v. *Talbot*, 67 N. W. 599.

The appellant was not excused for leaving his team within twenty or thirty feet of the railway track with simply the brake on and the lines fastened to the wagon because the bell may not have been rung, or the whistle sounded, or the train late. *Salter* v. *Utica, etc., Co.*, 75 N. Y. 281-2; *Cin., etc., Ry. Co.* v. *Howard*, 24 N. E. 892; *Ry. Co.* v. *Houston*, 95 U. S. 701-2; *Schofield* v. *Chicago, etc., Ry. Co.*, 114 U. S. 617; *Pepper* v. *Sou. Pac. Co.*, 105 Cal. 400; *Omaha, etc., R. Co.*, v. *Talbot*, 67 N. W. 599.

The evidence shows that appellant was not crossing, or attempting to cross, the railway track in question at the time, but he left his team untied in the road, except as before mentioned, within twenty or thirty feet of the track, and went off to the station and then east about sixty feet to the coal shed. Under these circumstances the plaintiff cannot invoke the aid of the statute requiring the sounding of the whistle or the ringing of the bell, as these precautions are for the benefit of persons crossing the track at the highway, and cannot be invoked by other parties. The authorities to this effect are decisive and practically unanimous. 13 *A. & E. Ry. Cas.* 632 (Kan.), and note 635.

In 11 S. E. 636 (S. Car.), *Neely* v. *Char. etc., Ry. Co.*, it is said that the object of these sections was to pre-

vent collisions between persons attempting to cross the track and trains, and it was not intended to apply to others. *Hale* v. *Col., etc., Ry. Co.*, 13 S. E. 537·(S. Car.); *Louis, etc., Ry. Co.* v. *Hall*, 24 A. S. R. 863 (Ala.); *Williams* v. *C., etc., Ry. Co.*, 135 Ill. 492; *Randall* v. *Baltimore, etc., Ry. Co.*, 109 U. S. 485; *Burger* v. *Mo., etc., Ry. Co.*, 34 A. S. R. 379 (Mo.); *Stahl* v. *Lake Shore, etc., Ry. Co.*, 75 N. W. 630 (Mich.); *Harty* v. *Central, etc., Ry. Co.*, 42 N. Y. 468.

There was no negligence because the train was late, as heretofore shown. The signals provided by the statute were not for the benefit of the appellant, and the injury did not result from any of the matters specified in the complaint, but resulted from the team being frightened after plaintiff was in the wagon and hold of the lines, as then he did not or could not control them. Under these circumstances a non-suit was justified. *Linden* v. *Anchor Min. Co.*, 58 Pac. 358, (Utah); *Randall* v. *Baltimore, etc., Ry. Co.*, 109 U. S., 482; *Brady* v. *Chicago, etc., Ry. Co.*, 80 N. W. 809.

Appellant, as a man of ordinary reason and prudence, knew that a team should not be left under such circumstances, and if he intended to leave the team alone he should then have looked and listened for the train before going to the depot, and afterwards every few moments have done likewise, but all this he omitted; had he used even this little care, there is nothing to show that the accident would have happened; on the contrary, if he had tied his team to the fence, or have kept watch, the accident in all probability would not have happened. *Clark* v. *C. S. L. Ry. Co.*, 59 Pac. 92; *Bunnell* v. *R. G. W. Ry. Co.*, 44 Pac. 927; *Shaefert* v. *Chicago, etc., Ry. Co.*, 17 N. W. 893; *Pepper* v. *Sou. Pac. Co.*, 105 Cal. 397–400; *R. R. Co.* v. *Houston*, 95 U. S. 701; *Salter* v.

*Utica etc., Ry. Co.*, 75 N. Y. 281-2; *Schofield* v. *Chicago, etc., Ry. Co.*, 114 U. S. 615.

BARTCH, C. J.

This action was brought to recover damages for injury to personal property, and for personal injuries, claimed to have been occasioned through the negligence of the defendant. It was, among other things, alleged in the complainant that the defendant, in disregard of its duty, failed to announce the arrival of its train, and carelessly, unlawfully and negligently ran and managed a locomotive and train belonging to it, on its track, crossing a public highway, and "that the same ran against and partially over said property," killing a span of mares, and injuring other personal property and the plaintiff.

The defendant, in its answer, denied negligence on its part and charged that the plaintiff was guilty of negligence which caused the injuries of which he complains.

From the testimony of the plaintiff, it appears that, on January 29, 1898, he went with his team to defendant's railway station to purchase coal. When he arrived there he stopped his team at a point on the public road "twenty to thirty feet" from the railway track, facing the same. He then applied the brake and tied the lines to his wagon, and went to the depot on the north side of the highway to arrange with the agent for coal. The agent not being there he stepped west across the track about sixty feet to the coal bins to ascertain if there was any coal to be had. While there he heard the rumbling of the incoming train, which was then close to the station, and hastened back to his team, got into the wagon and hold of the lines when his horses became frightened and unmanageable and collided with the train. The injuries resulted from the collision.

The whistle on the engine was not blown nor the bell rung until immediately at the crossing. It was the northbound passenger train called the "Flyer," running at a rate of fifty to sixty miles an hour. That train, according to plaintiff's testimony, generally passed there somewhere "about a quarter to twelve," but on this occasion it arrived about "half past twelve or a quarter to one." The plaintiff had not noticed it come, but supposed it had gone. He testified that this particular train generally went through there rapidly—rapidly enough to probably frighten his team. He also testified that, on a previous occasion, with a load of beets, he stopped at the same place while the train was passing, sat in the wagon and held the team.

Such are substantially the material facts shown by the plaintiff's testimony. After he rested his case, the defendant made a motion for a non-suit, upon the grounds that no negligence on the part of the defendant was shown, and that the evidence shows that the plaintiff was guilty of negligence which contributed proximately to the injury. The motion was sustained, and the plaintiff appealed.

The decisive question presented is: Was the appellant guilty of such contributory negligence as prevents his recovery? That is, assuming that the respondent was negligent in not sounding the whistle or ringing the bell at a proper distance from the public crossing, was the appellant guilty, as shown by his own evidence, of negligence, which contributed proximately and materially to the accident, so that, as matter of law, he cannot be permitted to recover?

Due consideration of the facts and circumstances, appearing in evidence, impels the conclusion that this question must be answered in the affirmative. The proof leaves no room for doubt that if the appellant had pro-

ceeded with ordinary care, about the railway station, he could have averted the accident. He was there on a previous occasion with his team when the same. train passed at a rapid rate of speed, and knew that it was a fast train, and would probably frighten his horses in passing them. He knew about the usual time when it passed the crossing, and that it did not stop there, and although the regular. time for its arrival had passed, still he had not seen nor heard it pass on his way to the depot. Aware of these things, he had no right to assume that it had passed. He was chargeable with knowledge of the fact that the train might be late, and that it, or any other train might pass there at any time, the track on which the train was running, being the main line of the respondent's system.

Under such circumstances, for the appellant to drive his horses to within "twenty or thirty feet" of the track, and then leave them stand there on the highway alone, without being tied, and, without, so far as appears from the evidence, looking or listening for a train, go to the depot, thence to the coal shed sixty feet across the track, the team remaining all the while so untied, is, to say the least, culpable negligence. Suppose by the striking of the team the train had been derailed and some person killed, would not the act of thus carelessly leaving the team within twenty or thirty feet of the track, unattended, have been characterized as gross negligence? Yet the more serious consequence would not have changed the character of the act. The appellant was bound to exercise ordinary care, and that, according to the facts disclosed, demanded that the team should be left at a greater distance from the track, or at least securely tied. Such care also required him to look and listen for an approaching train before and after leaving his team. No rule of law authorizes a person to thus recklessly leave his team upon the highway,

within a few feet of a railway track, unattended, and not even tied.

In *Bunnell* v. *Railway Co.*, 13 Utah, 314, where the plaintiff had turned his cattle upon the highway in the vicinity of a railway track, unattended, and one of them was killed by a passing train, this court said: "A proper regard for the safety of humanity and of property forbids that a person, should turn his beasts, which can neither reason nor appreciate danger, out upon the highway, without a keeper, in the vicinity of a railway crossing; and especially is this true where such person knows that they must cross the track to get to the pasture where their instinct leads them. The sacredness of human life, and common sense, alike dictate this rule."

Although he thus left his team upon the public highway, there is nothing in the testimony to show that the appellant either looked or listened for this or any train, either before or after arriving at the depot, until he heard the rumbling noise as the train approached, and yet it appears there was nothing to obscure his vision, and that one could see a quarter of a mile or more down the track. If, therefore, the appellant, even after he had so left his team, had used his senses, as the law required him to do, he could, in all probability, have averted the accident. Having left his team in such a reckless manner, and having failed, as indicated by the record, to look and listen, or use his senses, he is in no position to complain that the whistle was not sounded nor the bell struck, nor of any failure of the respondent to give notice of the arrival of trains, because his own carelessness contributed so far to the accident that he has no right to complain of others. Negligence of the respondent in these particulars, if there was any, was no excuse for negligence on his part. Where a person permits a team to stand upon a public

highway in close proximity to a railroad track, or is about to cross such track, he is bound to look and listen, in order to avoid an approaching train and the happening of an accident. Ordinary care, under such circumstances as are disclosed in this case, requires this.

In *Railroad Co.* v. *Houston*, 95 U. S. 697, where a lady was killed by an approaching train, Mr. Justice Field, delivering the opinion of the court, said: "She was bound to listen and to look, before attempting to cross the railroad track, in order to avoid an approaching train, and not to walk carelessly into the place of possible danger. Had she used her senses, she could not have failed both to hear and to see the train which was coming. If she omitted to use them, and walked thoughtlessly upon the track, she was guilty of culpable negligence, and so far contributed to her injuries as to deprive her of any right to complain of others."

The appellant having been familiar with the locality of the crossing, and knowing that a train was liable to pass there at any time, and that the train in question was usually run at a high rate of speed without stopping at that place, it was negligence on his part to place himself and team in such a position that he could not control it when the train passed them.

"The principle which requires that a man shall use his ears and eyes in crossing a railroad track, so far as he has opportunity to do so, equally demands that he shall employ his faculties in managing his team, and thus keep out of danger." *Salter* v. *Utica & Black River R. R. Co.*, 75 N. Y. 273; *Schaefert* v. *The Chicago, M. & St. P. Ry. Co.*, 62 Ia. 624; *Omaha & R. V. R. Co.* v. *Talbot*, 48 Neb. 627; *Schofield* v. *Chicago & St. P. Ry. Co.*, 114 U. S. 615; *Brady* v. *Chicago, St. P. M. O. Ry. Co.*, 80 N. W. R. 809; *Cincinnati, I., St. L. & C. Ry. Co.*

*v. Howard*, 24 N. E. R. 892; *Stahl* v. *Lake Shore, etc., R. Co.*, 117 Mich. 273.

Nor did the fact that this particular train was behind time relieve the appellant from his duty of exercising ordinary care, at and about the railroad crossing, to avoid accident. Railroad corporations have the right to run their trains at any and all times, and travelers upon a highway, at a railway crossing, are entitled to no exemption from care and vigilance because trains are not run at regular schedule time.

In *Clark* v. *O. S. L. R. Co.*, 59 Pac. Rep. 92, this court, speaking through Mr. Justice Baskin, said: "A railroad has as much right to use special trains as to use regular trains. As to how many or at what time a railroad company shall run trains over its track is not restricted by law. It is a matter of common knowledge that the necessities of railroad transportation the frequent use of special trains, and that such trains are liable to pass along the track at any time."

Nor can the fact, that the train in question, was run at a high rate of speed, avail the appellant. The accident happened at a highway crossing in the country outside, so far as shown by the testimony, of the limits of any village or city, where the railroad company was not limited to any particular rate of speed. The company was, therefore, entitled not only to run its trains at any and all times to suit the business demands of the people, but also at such rate of speed as the condition of its road bed would permit, so as to afford rapid transit to the public, and there is nothing to show that the train in question was run more rapidly than the condition of the road bed warranted.

In *Bunnell* v. *Railway Co.*, *supra*, this court said: "Unless the condition of its road demands it, a railroad

company is not required to run its trains at a low rate of speed through a sparsely settled country, or to check the same at ordinary highway crossings, outside of cities and villages, and to do so, would greatly interfere with its usefulness as a common carrier."

If it be admitted that the respondent was negligent, as to some of the matters referred to, still the evidence introduced by the appellant in attempting to prove his case, shows clearly that his own negligence contributed to and was the proximate cause of the injury.

The irresistible conclusion, from an examination of all the testimony is, that the proof is of such a character that if taken, with every legitimate inference which a jury could justifiably draw from it, it is insufficient to support a verdict. In such case, the question of negligence is one of law for the court. The non-suit was, therefore, properly granted. *Lowe* v. *Salt Lake City*, 13 Utah, 91.

Where the plaintiff, in a suit to recover damages for injuries, shows by his own evidence that he was guilty of contributory negligence which was the proximate cause of such injuries, the defense is relieved from the burden of proving such negligence, and the plaintiff cannot recover.

This court in *Bunnell* v. *Railway Co. supra*, as to the question of contributory negligence, said: "Generally, contributory negligence is a matter of defense, and must be alleged and proven by the defendant; but where the testimony on the part of the plaintiff, who seeks to recover damages for injuries resulting from negligence, shows conclusively that his own negligence or want of ordinary care was the proximate cause of the injury, he will not be permitted to recover, even though the answer contains no averment of contributory negligence." *Clark* v. *O. S. L. Ry. Co.*, 20 Utah, 401; 59 Pac. Rep. 92:

*Schofield* v. *Chicago & St. P. Ry. Co.*, 114 U. S. 615; *Pepper* v. *Southern Pacific Co.*, 105 Cal. 389; *Salter* v. *Utica and Black River . Ry. Co.*, 75 N. Y. 273; *Railroad Co.* v. *Houston*, 95 U. S. 697; *Omaha & R. V. R. Co.* v. *Talbot*, 48 Neb. 627; *Brady* v. *Chicago, St. P. M. & O. Ry. Co.* 80 N. W. R. 809.

We discover no reversible error in the record. The judgment is affirmed with costs.

MINER, J. and BASKIN, J. concur.