NORTHERN PAC. RY. CO. v. JONES.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1906.)

No. 1,222.

1. RAILROADS—PERSONS ON TRACK—LICENSEES—CARE REQUIRED.

The only duty a railroad company owes to a licensee on the track is to use reasonable precautions to avoid injuring him.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 1236, 1237.]

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSES—CONTRIBUTING CAUSE.

Where plaintiff's negligence is one of the proximate causes of the injury which he sustained, directly contributing to the result, he cannot recover, though the negligence of the defendant also contributed thereto.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 112–114.]

3. RAILROADS—PERSONS ON TRACK—LICENSEES—CONTRIBUTORY NEGLIGENCE.

Where plaintiff, a miner, 34 years of age, and in full possession of his faculties, walked on defendant's railroad track, a distance of more than half a mile, without once looking back or stopping to listen for an approaching train, by which he was struck and injured, he was guilty of contributory negligence, as a matter of law, precluding a recovery.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 1305–1310.]

4. SAME—EXCUSE.

The fact that the wind was blowing in his face, and that the noise of a waterfall may have deadened the sound of the approaching train, only rendered the use of his senses the more imperative, and did not excuse his failure to look and listen.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, § 1307.]

5. SAME—LAST CLEAR CHANCE.

The doctrine of last clear chance was not applicable to a person walking on a railroad track, who was injured by a train approaching him from the rear, where the person injured voluntarily placed himself in a place of danger, from which he had a present means of escape, and continued therein without exercising precautions which an ordinarily prudent man would have exercised.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, § 1324.]

6. TRIAL—DIRECTION OF VERDICT.

Where, from any proper view of the undisputed or established facts, the conclusion follows, as a matter of law, that plaintiff cannot recover, it is the duty of the trial court to direct a verdict.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 383.]

In Error to the Circuit Court of the United States for the Northern Division of the District of Idaho.

The plaintiff in error owns and operates a line of railroad seven miles in length, running from Wallace to Burke, in Shoshone county, Idaho. The road runs through a canyon which is from 100 to 400 feet wide. Along the line of the road are located several important mining properties, and the dwellings of about 4,000 people. From Manchester to Burke, a distance of about four miles, the railroad track is lined by the habitations of residents and by places of business. For a considerable portion of that distance, the road runs through and along the principal street, and, in the towns of Gem, Frisco, and Black Bear, runs through the only thorough-

fare or street. Parallel with said road, and running in part on the same side of Canyon creek and in part on the opposite side thereof, is the railroad track of the Oregon Railway & Navigation Company; but that track, being not so well graded, is less used than the track of the plaintiff in error. Between Manchester and Burke, the railroad track of the plaintiff in error is continuously and customarily, during all hours of the day and night, used by nearly all persons who travel up and down the canyon between said points and intervening points; it being the most convenient roadway therethrough. It is so used by miners going to and from their work, by school children going to and from school, and by others passing back and forth through the canyon. All this use of the railroad track had been known, acquiesced in, and consented to by the railroad company for many years prior to the accident which is the subject of the present action. The railroad company had permitted storekeepers and mining companies to deliver goods by means of push cars on its track. In the winter, snow along the creek is from two to four feet deep, and it is thrown by the plaintiff in error upon either side of its track, thereby leaving the space between the rails the only convenient road of travel for people coming and going on foot. About 100 feet north of the railroad track is a wagon road running from Gem, past Frisco, and approaching the track, to which it becomes contiguous at a point about 200 feet east of the place of the accident. On the evening of February 4, 1904, the defendant went from his home in Black Bear down the track to Gem. Between the hours of 12 and 1 he was returning on the railroad track, as had been his custom. When about 400 feet easterly from the platform at Frisco, while going eastward, he was struck by a railroad train of the plaintiff in error. The train was a special train which was run from one to five times a week to carry passengers home from dances, lodge meetings, and shows at Wallace. On the night in question it had stopped at Frisco, and had started on its eastward course, and was running at from six to eight miles an hour when it struck the defendant in error. He was not seen by the persons in charge of the train, although the point where he was struck was in view for a distance of more than 500 feet in the direction from which the train was coming, and that portion of the track was lighted by the electric arc lights of the Frisco Consolidated Mining Company. The defendant in error testified that he was walking between the rails in the middle of the track, and was not watching for any train; that it was out of the regular train time, and he did not expect any train to be running on the road at that time of the night; that he was familiar with the conditions around Frisco, having walked past the scene of the accident twice a day for a long period of time just preceding the accident; that the noise of water falling over a dam nearby the place of the accident, and a wind blowing down the canyon at the time, made it more difficult to hear an upcoming train; that after he left Petersen's saloon, which was below Frisco, he never stopped walking until he was run over; that he did not hear the train whistle at or near Frisco. As to whether or not the train did whistle on leaving that station the testimony is conflicting. A number of people living near the point of the accident testified to having heard the whistle. In the action which was brought by the defendant in error to recover damages for the injuries which he sustained, a verdict was returned in his favor for $7,000, upon which a judgment was rendered against the plaintiff in error.

John M. Bunn and James E. Babb, for plaintiff in error.

J. H. Forney, A. H. Featherstone, and John P. Gray, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Error is assigned to the refusal of the trial court to instruct the

jury to return a verdict for the plaintiff in error, on the ground that the contributory negligence of the defendant in error was such as to preclude his right to recover. The defendant in error places much reliance on the evidence which points to the negligent manner in which the train was operated, in view of the general license to the public to come and go upon the railroad track. Conceding that the defendant in error was a licensee, and that all trains and locomotives should have been moved upon said track with proper regard for his safety, the most that can be said of the duty of the railroad company in that regard is that it was bound to use reasonable precaution to avoid injuring him. Cahill v. Chicago, M. & St. P. Ry. Co., 74 Fed. 285, 20 C. C. A. 184; Felton v. Aubrey, 74 Fed. 350, 20 C. C. A. 436; Tutt v. Illinois Central R. R. Co., 104 Fed. 741, 44 C. C. A. 320; Adams v. Southern Railway Co., 84 Fed. 596, 28 C. C. A. 494; Garner v. Trumbull, 94 Fed. 321, 36 C. C. A. 361. In the case last cited, the Circuit Court of Appeals for the Eighth Circuit, referring to the duty of railroad engineers where such license exists, said:

"Knowing the usage which prevails, they may reasonably be required to anticipate the probable presence of persons on or near the track at such places, and to be on the lookout when their attention is not directed to the performance of their other duties."

Assuming that the evidence which went to the jury proves that the railroad company was negligent in not discovering the presence of the defendant in error on its track, what shall be said of the evidence of the contributory negligence of the defendant in error? A general license to the public to walk upon a railroad track does not mean that the railroad company is to be the insurer of the safety of all persons who avail themselves of that permission. While the license adds to the responsibilities of the railroad company, and imposes upon it a greater burden of care, it does not affect the duty that rests upon the licensee to take all due precautions to avoid injury to himself. If the negligence of the defendant in error was one of the proximate causes of the injury which he sustained, if it directly contributed to the unfortunate result, he cannot recover, even though the negligence of the plaintiff in error contributed to it; and the rule is the same whether the injured person be a trespasser on the railroad track or a licensee. Kansas City, Ft. S. & M. R. Co. v. Cook, 66 Fed. 115, 13 C. C. A. 364, 371, 28 L. R. A. 181; Felton v. Aubrey, 74 Fed. 350, 360, 20 C. C. A. 436; Garner v. Trumbull, 94 Fed. 321, 36 C. C. A. 361; Louisville & N. Ry. Co. v. McClish, 115 Fed 268, 273, 53 C. C. A. 60; King v. Illinois Central R. R. Co., 114 Fed. 855, 862, 52 C. C. A. 489; Missouri Pacific Railroad Co. v. Moseley, 57 Fed. 921, 6 C. C. A. 641, 645.

In the case last cited, the court held that a license to walk upon the track did not relieve the licensee from the duty of exercising reasonable care to protect himself from obvious dangers from the engines and cars, and said:

"It certainly gives him no higher right than that of the traveler upon the public highway at a railway crossing. * * * It was negligent for him to walk upon the track 300 feet without looking behind him."

In Felton v. Aubrey, the court said:

"Such a licensee is himself under the highest obligation to look out for his own safety, and he cannot recover if his own want of due care proximately contributes to his misfortune."

In Louisville & N. Ry. Co. v. McClish, it was said:

"Even in the case of a licensee, there is, under such circumstances, the highest duty to exercise the utmost degree of vigilance in looking out for approaching engines or cars. * * * The track is the property of the railroad company, which it has the legal right to use at any and all times."

The rule is well established that it is the duty of a traveler to stop and look and listen before crossing or walking along a railroad track. He has no right to assume at any time of the day or night that trains will not be run over the track. Railroad Company v. Houston, 95 U. S. 697, 24 L. Ed. 542; Schofield v. Chicago & St. P. Ry. Co., 114 U. S. 615, 5 Sup. Ct. 1125, 29 L. Ed. 224; Northern Pacific Railroad v. Freeman, 174 U. S. 379, 19 Sup. Ct. 763, 43 L. Ed. 1014.

Said the court, in Elliott v. Chicago, M. & St. P. Ry. Co., 150 U. S. 248, 14 Sup. Ct. 85, 37 L. Ed. 1068:

"The track itself, as it seems necessary to iterate and reiterate, is itself a warning. It is a place of danger. It can never be assumed that cars are not approaching on a track, or that there is no danger therefrom."

The defendant in error was a miner of the age of 34 years, and was in the full possession of his senses. According to his own testimony, he walked upon the railroad track a distance of more than half a mile without once looking back or stopping to listen for an approaching train. In so doing, it must be held that he was guilty of gross negligence, which, irrespective of negligence in the failure of the engineer to discover him on the track, is sufficient to bar his right of recovery. It was no excuse for his failure to take such precautions that the wind was blowing in his face, or that the noise of a waterfall may have deadened the sound of an approaching train. Those circumstances only rendered the use of his senses the more imperative. It was his duty continually to exercise vigilance.

Said the court, in Kansas City, Ft. S. & M. R. Co. v. Cook, 66 Fed. 115, 123, 13 C. C. A. 364, 371:

"The noises about him made it all the more important that he should not rely upon his sense of hearing alone."

And in Garlich v. Northern Pacific Railroad Co., 131 Fed. 839, 67 C. C. A. 237, the court said:

"No reliance on the exercise of care by persons in control of the movement of trains or engines will excuse any lack of the exercise of such care by persons going upon such tracks. If the use of these senses is interfered with by obstructions or by noises, ordinary reasonable care calls for proportionately increased vigilance."

On the authority of Inland & Seaboard Coasting Co. v. Tolson, 139 U. S. 551–558, 11 Sup. Ct. 653, 35 L. Ed. 270; Grand Trunk Ry. Co. v. Ives, 144 U. S. 408–429, 12 Sup. Ct. 679, 36 L. Ed. 485, and Bogan v. Carolina Central Ry. Co., 129 N. C. 154, 39 S. E. 808, 55 L. R. A. 418, the defendant in error invokes

the doctrine that the contributory negligence of the party injured will not defeat the action, if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence. In the first of these decisions, the doctrine was applied in a case where the plaintiff, a wharfinger, was standing with his foot between the timbers of a wharf, to deliver freight to a vessel which was about to make a landing there, and which struck the wharf with such force as to crush his foot. But the court held that the doctrine was applicable, for the reason that the jury might well have been of opinion that, while there was some negligence on the plaintiff's part in standing where and as he did, yet that the officers of the boat knew just where and how he stood, and might have avoided injuring him, if they had used reasonable care to prevent the steamboat from striking the wharf with unusual and unnecessary violence. In the Ives Case, the plaintiff's intestate was killed while attempting to cross a railroad track. There was evidence of negligence on the part of the railroad company. On the part of the plaintiff's intestate there was no evidence as to what precaution he took before placing himself in the place of danger, except that, at a distance of about 76 feet from the track, he stopped several minutes, presumably to listen for trains; that while there a train passed; and that, soon after it had passed, and while the noise caused by it was still quite distinct, he proceeded across the track and was struck by another train. The court held that the question of contributory negligence of the plaintiff's intestate was properly left to the jury, as one to be determined under all the circumstances of the case, but incidentally proceeded to affirm the rule above quoted, citing Davies v. Mann, 10 M. & W. 546; Inland & Seaboard Coasting Co. v. Tolson, and other cases. There was no evidence in the Ives Case that the plaintiff's intestate was seen by those who were managing the train in time to have avoided the accident. The court, in that case, however, reaffirmed the rule that a traveler, on going upon a railroad track, ought to make vigilant use of his senses of sight and hearing, and listen for signals, and look in the different directions from which a train might come, and said:

"If by neglect of this duty he suffers injury from a passing train, he cannot recover of the company, although it may itself be chargeable with negligence, or have failed to give the signals required by statute, or be running at the time at a speed exceeding the legal rate."

It cannot be contended that in the Ives Case the Supreme Court intended to lay down the broad rule that no contributory negligence of the party injured will defeat his right to recover, if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of that negligence. To so hold would be to destroy the whole doctrine of contributory negligence. As applied to the present case, it would mean that the plaintiff in error was bound to know that the defendant in error was upon its track, and that he would not step aside in time to avoid the train. Such is not the doctrine of cases such as Northern Pacific Railroad v. Freeman and the other decisions which we have

cited above. The doctrine of "the last clear chance," so invoked by the defendant in error, originated in Davies v. Mann, in which it was held that the plaintiff's want of ordinary care in that case did not constitute contributory negligence, because it was a remote cause or mere condition of the injury, and did not proximately contribute to it, and because the negligence of the defendant arose subsequently to that of the plaintiff, and the latter's negligence was so obvious as to have been discoverable by the exercise of ordinary care. That doctrine has no application to a case where· the plaintiff voluntarily places himself in a place of danger from which he has present means of escape, and continues there without exercising precautions which an ordinarily prudent man would exercise. We have nothing here to do with the law applicable to a case where the injured person is found in a place of danger, as upon a railroad trestle, from which he is powerless to extricate himself on the approach of a train, and where his situation is discovered, or ought to have been discovered, by those in charge of the train. The case of Northern Pacific Railroad v. Craft, 69 Fed. 124, 16 C. C. A. 175, cited by the defendant in error, has no bearing upon the questions here involved, for the reason that there was in that case no evidence of negligence on the part of the deceased, other than the fact that he was killed while upon the track in the discharge of his duties.

Where the facts, or the fair inference to be drawn from the facts, with respect to contributory negligence are doubtful, the case is one for the jury; but where, from any proper view of the undisputed or established facts, the conclusion follows as a matter of law that the plaintiff cannot recover, it is the duty of the trial court to direct a verdict. Schofield v. Chicago & St. P. Ry. Co., 114 U. S. 615, 5 Sup. Ct. 1125, 29 L. Ed. 224; Delaware, etc., Railroad v. Converse, 139 U. S. 469, 11 Sup. Ct. 569, 35 L. Ed. 213; Warner v. B. & O. R. R., 168 U. S. 339, 18 Sup. Ct. 68, 42 L. Ed. 491; Northern Pacific Railroad v. Freeman, 174 U. S. 379, 19 Sup. Ct. 763, 43 L. Ed. 1014; District of Columbia v. Moulton, 182 U. S. 576, 21 Sup. Ct. 840, 45 L. Ed. 1237.

We think that the Circuit Court erred in submitting to the jury the question of the contributory negligence of the defendant in error.

The judgment is reversed, and the cause remanded, with instructions to enter judgment for the plaintiff in error.